IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| YELENA NIKOLAYCHUK, Personal Representative of the Estate of Igor Nikolaychuk,<br><br>        Plaintiff,<br><br>      v.<br><br>NATIONAL CASUALTY COMPANY,<br><br>        Defendant. | Civil No.: 3:17-cv-00921-JE<br><br>FINDINGS AND RECOMMENDATION |

      Ivan S. Zackheim
      1750 SW Skyline Blvd
      Suite 220
      Portland, OR 97221

              Attorney for Plaintiff

      Adam E. Jones
      Selman Breitman LLP
      111 SW 5th Ave.,
      Suite 3150
      Portland, OR 97204

              Attorney for Defendant

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Yelena Nikolaychuk brings this breach of insurance contract claim on behalf of the estate of her deceased husband, Igor Nikolaychuk, against Defendant National Casualty Company. The Complaint was originally filed in Multnomah County Circuit Court for the State of Oregon. It was removed to the U.S. District Court for the District of Oregon on June 13, 2017. Defendant then filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the motion should be denied.

## **Background**

The following background is taken from Plaintiff's Complaint and is accepted as true for purposes of the pending motion to dismiss.

On January 31, 2016, Igor Nikolaychuk was operating a commercial 1997 Volvo semi-truck and trailer as an independent contractor for the truck's registered owner, RMI Transport, LLC. At approximately 9am on that day, Mr. Nikolaychuk stopped the truck and trailer on the paved shoulder of westbound Interstate 84 near milepost 281 in Oregon for the purpose of installing tire chains as was required by Oregon Department of Transportation regulations then in effect for that location. As he was installing tire chains on the rear driver's side trailer wheel, Mr. Nikolaychuk was struck and killed by an out-of-control westbound vehicle.

According to the Complaint, at the time of the incident the Volvo truck and trailer operated by Mr. Nikolaychuk were insured by Defendant under an Oregon issued policy. The policy provided Uninsured/Underinsured Motorist (UM/UIM) coverage for bodily injury.

On May 8, 2017, Yelena Nikolaychuk, as the personal representative of the Estate of Igor Nikolaychuk, filed the current action against National Casualty in Multnomah County Circuit

Court for the State of Oregon, seeking recovery of underinsured motorist benefits in an amount of $975,000 plus attorney fees and costs.

As noted above, Defendant removed the action to this court on June 13, 2017 based on diversity jurisdiction.

## Discussion

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

## I. *Marcilionis* and the Definition of "Occupy"

Defendant argues that Mr. Nikolaychuk was not an "insured" for purposes of underinsured motorist coverage because he was not "occupying" a covered auto at the time he

was struck and killed. Defendant asserts that an "insured" for purposes of UIM coverage under its policy is defined as "[a]nyone 'occupying' a covered 'auto'. . . ." Def. Motion at 3 (citing Jones Decl. at ¶3 and Ex. 3)(alterations in original). Defendant further asserts that "occupancy" is defined in the policy's UIM Endorsement as "in, upon, getting in, out or off." Id.

Under Oregon law, an auto policy must provide UM/UIM coverage no less favorable than the statutorily defined minimums of such coverage. *See, e.g.*, *Marcilionis v. Farmers Ins. Co. of Or.,* 871 P.2d 470 (Or 1994)(citing ORS 742.504). Under ORS 742.504(2)(c)(C), an "insured" for UM/UIM coverage includes "any other person while occupying an insured vehicle . . . ." The statute defines "occupying" as "in or upon or entering into or alighting from." ORS 742.504(2)(f).

In *Marcilionis v. Farmers Ins. Co. of Or.,* 871 P.2d 470 (Or 1994), which Defendant argues is dispositive to its current motion, the Oregon Supreme Court interpreted a Farmers Insurance policy that defined "occupying" as "in, on, getting into or out of." The court determined that there was no basis for finding a difference between the statutory language and the Farmers' policy language and, therefore, "a determination of the meaning of 'occupying in [the statute] will also be a determination of the meaning of that term in the [Farmers] policy." 871 P.2d at 472.

The court then concluded that under the statutory language, a person was "occupying" an insured vehicle if that person was "completely or partially inside a portion of the car," ( defining "in"); or "a part of that person's body is above and rests on a portion of the car," (defining "upon"); or "a part of that person makes physical contact with the car in a manner that in the ordinary course would lead directly to entrance or penetration into the car," (defining "entering

FINDINGS AND RECOMMENDATION – 4

into"); or when that person was "in the process of removing his or her body from some portion of the car," (defining "alighting from"). *Id.* at 472-473.

Defendant asserts that the policy language at issue in this case is "materially identical" to the language in the applicable Oregon statute; that Plaintiff "admits that Mr. Nikolaychuk was not in or upon the Vehicle, nor was he getting in, on, out or off of the Vehicle" when he was struck and killed; and that "'it is clear' that a person installing tire chains on the rear wheel of a commercial trailer is not 'occupying' the vehicle . . . ." Def. Brief at 3-4. After a thorough review of Plaintiff's Complaint, I am not persuaded by Defendant's second or third contentions. I see no admission in the Complaint that Mr. Nikolaychuk was not "occupying" the vehicle nor is it "clear" from the face of the Complaint that his position at the time of the crash would not satisfy the definition of "occupying" under Oregon law.

## II. Fed. R. Civ. P. 12(d)

Under Rule 12(d), if matters outside the pleadings are presented to the court in support of a motion to dismiss under Rule 12(b)(6) or 12(c), the court has discretion to consider the evidence but only if it converts the motion to one for summary judgment under Fed. R. Civ. P. 56. *Portland Retail Druggists Ass'n. v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007); *see* Fed. R. Civ. P. 12(d). However, if the court chooses to convert the motion to dismiss to one for summary judgment, the plaintiff must first receive "both notice that the motion is pending and an adequate opportunity to respond." *Portland Retail Druggists Ass'n.*, 662 F.2d at 645; *see* Fed. R. Civ. P. 12(d). "Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion." *Id.*

Here, both parties have submitted a significant amount of extrinsic evidence, including declarations and copies of insurance policies, policy endorsements and police reports. Defendant's motion rests almost entirely on the language of the insurance policy and the description in police reports of Mr. Nikolaychuk's position at the time he was struck. Plaintiff has filed a motion to strike references to semi-trailer coverage in Defendant's Reply and the Declaration of Adam Jones in support of Defendant's Reply. However, neither party has requested that the Court convert the motion to dismiss to one for summary judgment or even acknowledged the fact that the court would be required to do so if it were to consider the evidence submitted. If the Court excludes the extrinsic evidence, it is left only with Plaintiff's Complaint since it appears from the Notice of Removal that the Complaint did not include an attached copy of the applicable insurance policy.

At this point, I recommend against converting Defendant's motion. This case was removed to federal court only three months ago. It is unclear at what stage the parties are in discovery. There are a significant number of factual issues that are not addressed in the briefs that could potentially affect if, and to what extent, the Court would be required to apply the *Marcilionis* decision. Under the present circumstances, conversion to a motion for summary judgment would not be appropriate. Accordingly, all extrinsic evidence should be excluded at this stage of the proceedings. Furthermore, accepting the Complaint's allegations as true, and construing them in the light most favorable to Plaintiff, I conclude that Plaintiff's Complaint alleges sufficient facts to state a claim for relief "that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Accordingly, Defendant's motion to dismiss should be denied.

## Conclusion

Defendant's motion to dismiss (#5) should be DENIED. Plaintiff's motion to strike (# 13) is DENIED as moot.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 5, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of September, 2017.

                                                /s/ John Jelderks
                                                John Jelderks
                                                U.S. Magistrate Judge