IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| YELENA NIKOLAYCHUK, Personal Representative of the Estate of Igor Nikolaychuk,<br>             Plaintiff,<br><br>         v.<br><br>NATIONAL CASUALTY COMPANY,<br><br>             Defendant. | Civil No.: 3:17-cv-00921-JE<br><br>OPINION AND ORDER |

Ivan S. Zackheim
1750 SW Skyline Blvd
Suite 220
Portland, OR 97221

        Attorney for Plaintiff

Adam E. Jones
Selman Breitman LLP
111 SW 5th Ave.,
Suite 3150
Portland, OR 97204

        Attorney for Defendant

JELDERKS, Magistrate Judge:

      Pursuant to ORS §742.061 and Fed. R. Civ. Pro. 54(d), Plaintiff moves for an award of attorney fees and costs. On November 8, 2018, pursuant to an October 16, 2018 jury verdict, this

OPINION AND ORDER – 1

Court entered Judgment against Defendant National Casualty Company.

Defendant opposes Plaintiff's request for attorney fees. For the reasons that follow, Plaintiff's motion for attorney fees is granted with the modifications set forth below and Plaintiff's request for costs is granted.

## Background

Plaintiff Yelena Nikolaychuk brought this wrongful death claim on behalf of the estate of her deceased husband, Igor Nikolaychuk, against Defendant National Casualty Company.

On January 31, 2016, Mr. Nikolaychuk was operating a semi-truck and trailer as an independent contractor for the truck's registered owner, RMI Transport, LLC. RMI was the named insured for underinsured motorist coverage issued by Defendant National Casualty Company as part of an insurance policy on the truck and trailer. Mr. Nikolaychuk stopped the truck and trailer on the paved shoulder of icy westbound interstate 84 near milepost 281 in Oregon for the purpose of installing tire chains. As he was installing tire chains on the rear driver's side trailer tire, Mr. Nikolaychuk was struck and killed by an out of control westbound vehicle which had liability insurance limits of $25,000. Plaintiff, on behalf of the Estate, sought underinsured motorist coverage from Defendant.

The Complaint was originally filed in Multnomah County Circuit Court for the State of Oregon. It was removed to the U.S. District Court for the District of Oregon on June 13, 2017. Defendant then filed a motion to dismiss. Oral argument on the motion was held and, in a Findings and Recommendation dated September 21, 2017, this Court recommended denying Defendant's motion to dismiss. That recommendation was adopted by Judge Anna Brown in an Opinion and Order dated October 30, 2017. A Rule 16 Conference was held on December 27, 2017. By January 3, 2018, all parties had filed full consent to jurisdiction by a U.S. Magistrate

Judge and a five-day jury trial was scheduled for October 15, 2018.

Defendant subsequently filed a Motion for Summary Judgment and Plaintiff filed a Motion for Partial Summary Judgment. Extensive briefing was submitted on a number of complex and novel issues pertaining to both uninsured/underinsured motorist coverage and the damages cap under Oregon law. Oral argument was held on August 14, 2018. In an Opinion and Order dated August 16, 2018, this Court denied Defendant's motion for summary judgment and denied in part and granted in part Plaintiff's motion for partial summary judgment.

On September 20, 2018, Plaintiff filed a motion to certify a question to the Oregon Supreme Court. After a telephonic conference, the motion was denied and the parties were instructed to continue to prepare for the October 15, 2018 trial start date.

In advance of trial, both parties submitted motions in limine. Plaintiff filed a Proposed Pretrial Order and a Motion for Leave to File an Amended Complaint, which this Court granted after a telephonic conference on October 11, 2018. Both parties submitted exhibit and witness lists and proposed jury instructions. Trial began on October 15, 2018. Pursuant to Oregon law, the case was submitted to the jury with no reference to insurance limits or damages caps.

On October 16, 2018, the jury returned a verdict in favor of Plaintiff. The jury found total damages in the sum of $1,911,131.52. The verdict included $1,200,000.00 to compensate the widow and the decedent's three children for non-economic damages as well as $711,131.52 in economic damages for the decedent's Estate and Mrs. Nikolaychuk. By Order and Judgment dated November 8, 2018, Plaintiff, as personal representative of the Estate of Igor Nikolaychuk, was awarded judgment, reduced due to insurance limits, against Defendant National Casualty Company, in the amount of $975,000.00. Plaintiff was directed to distribute any net proceeds collected as specified by the Court.

Defendant filed a Notice of Appeal on December 5, 2018. On December 6, 2018, Plaintiff filed a Motion for Attorney Fees and a Bill of Costs. Plaintiff subsequently filed an Amended Motion for Attorney Fees on December 10, 2018. Defendant filed its Response to the Motion and Plaintiff filed a Reply. Currently before the Court are Plaintiff's Amended Motion for Attorney Fees and the submitted Bill of Costs.

## Discussion

Plaintiff's attorney, Ivan Zackheim, seeks $172,607.50 for 443.3 hours of work performed on this case by him and two legal assistants. Mr. Zackheim is requesting an hourly rate of $425 for his work, $100 per hour for work by one assistant, and $150 per hour for the second assistant, who had obtained her JD degree but was not yet admitted to the Oregon Bar. Plaintiff also requests that a multiplier of 1.5 be applied to the fee request. In support of Plaintiff's request for fees, Mr. Zackheim submitted a Declaration and multi-page summary setting forth the tasks performed and time spent by him and his staff.

### I. Attorney Fees

State law governs a party's right to recover attorney fees in a diversity action. *Schulz v. Lamb,* 591 F.2d 1268, 1273 (9th Cir. 1978). Plaintiff seeks to recover attorney fees and costs pursuant to ORS §742.061, which provides:

> if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.

ORS §742.061(1)

The purpose of Oregon's statute "allowing recovery of attorney fees by claimants under insurance policies is to encourage the settlement of such claims without litigation and to

reimburse successful plaintiffs reasonably for moneys expended for attorney fees in suits to enforce insurance contracts." *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or. 449, 452 (1972). The statute "was intended to protect an insured who has suffered a loss from annoying and expensive litigation. In other words, the statute seeks to protect *insureds* from the necessity of litigating their valid claims. It has no converse purpose of protecting *insurers* from litigation." *Dockins v. State Farm Ins. Co.*, 329 Or. 20, 29 (1999) (quotation marks and citation omitted) (emphasis in original).

**A. Statutory Factors**

Or. Rev. Stat. §20.075 sets out the factors that a court must consider in determining whether to award attorney fees in a case in which an award of fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees. Those factors are:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

OPINION AND ORDER – 5

ORS §20.075(1).

However, where, as here, an award of attorney fees is mandatory under another statute, the court need not address subsection (1) factors to determine <u>whether</u> the prevailing party is entitled to attorney fees. *Petersen v. Farmers Ins. Co. of Oregon*, 162 Or. App. 462, 466 (1999); *see, e.g.*, *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13–CV–00879–AC, 2016 WL 4978411, at *11 (D. Or. Sept. 16, 2016) ("Because the court has determined under ORS §742.061 that Beck is entitled to her attorney fees in this case, the court need not address the subsection (1) factors to determine whether she is entitled to attorney fees.").

In this case, the language of ORS §742.061 is mandatory. Thus, the Court turns to ORS §20.075(2) to guide its determination of the amount of fees Plaintiff should receive. Section (2) of the statute provides:

> A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:
>
> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

ORS §20.075(2).

Thus, a court considers the factors of both sections (1) and (2) in determining the amount of fees to award. Applying the factors of ORS §20.075(1), the Court concludes that the conduct of the parties and their respective counsel, the objective reasonableness of the claims and defenses and unlikelihood of any significant deterrent effect render Section (1) factors (a) – (f) neutral in this case.

Applying the ORS §20.075(2) factors here, the Court agrees that this case involved novel issues that required more time and skill than a more routine case. The Court also agrees that the time intensive nature of the case may have required Plaintiff's attorney to forego other employment and that the amounts involved and results obtained were substantial. Another factor the Court has considered is that Plaintiff's counsel was working on a contingent fee basis.

As to factor (c), this Court utilizes the Oregon State Bar's Economic Survey ("Economic Survey") to determine reasonable rates. *See* U.S. District Court Local Rule 54-3. According to the 2017 Economic Survey, the hourly billing rate for attorney time sought by Plaintiff's counsel is within the range, albeit at the high end, for Portland-area attorneys with comparable levels of experience. (OREGON STATE BAR 2017 ECONOMIC SURVEY, at 40-41 (median hourly billing rate for attorney in private practice with over 30 years' experience regardless of practice area is $295 in the tri-county area and $425 in Portland; median hourly rate for personal injury lawyers with a plaintiff practice is $300 in both Portland and the tri-county area.).

I conclude that, under the ORS §20.075(1) and (2) factors, the rate sought for Mr. Zackheim's time need not be adjusted. However, I decline to apply the 1.5 multiplier that Plaintiff has requested. Plaintiff asserts that a multiplier is appropriate here because the claim

OPINION AND ORDER – 7

had to be resolved by motion and trial, Defendant did not appear interested in offering more than $75,000 in settlement, and because the attorney fee was contingent and there was a significant risk of nonpayment. I conclude that these factors are adequately accounted for by an hourly rate at the high end of the relevant range of billing rates and the number of hours billed and compensated.

As to the rates requested for counsel's legal assistant and law clerk, I conclude that a minor decrease in both rates is appropriate. Ms. Petroysan, counsel's legal assistant, had worked with counsel less than three years and lacked experience with federal court practice. I conclude that $75 per hour is a reasonable rate for Ms. Petroysan's time. Ms. Claypool served as counsel's law clerk. Ms. Claypool had obtained her JD but had not yet been admitted to practice in Oregon. She subsequently accepted employment at another firm once she had been admitted to the Oregon State Bar. I conclude that an hourly rate of $100 is a reasonable rate for Ms. Claypool's time.

**B. Fees Unrelated to the Action**

Defendant opposes fees related to time Plaintiff's counsel spent on issues of probate, workers' compensation and coverage availability under other policies. Defendant also opposes any fees incurred before April 10, 2017, the date on which it denied coverage. Defendant's assertions are unpersuasive. "[F]ees incurred before a lawsuit is filed against an insurer may be recovered [under O.R.S. §742.061] 'as long as they are reasonably related to the action itself.'" *Precision Seed Cleaners*, 976 F. Supp. 2d at 1250 (citations omitted)( (quoting *Farmers Ins. Co. of Or. v. Trutanich*, 123 Or. App. 6, 16 (1993) alteration in original)). The Court concludes that the disputed entries were reasonably related to the action and to obtaining coverage from Defendant for the loss.

### C. Fees Associated with Preparing Time Summaries and Block Billing

Defendant objects to a number of entries in Plaintiff's counsel's Declaration that it characterizes as "block billing" entries. Defendant also challenges over $12,000 in requested attorney fees for Plaintiff's counsel's preparation of attorney time summaries and the amount of fees Plaintiff's counsel requests for completing the motion for fees and bill of costs.

Plaintiff responds that it is unrealistic to assert that the review and summary of attorney time does not, itself, take time. Plaintiff also asserts that the instances of block billing reflect the nature of the legal research that needed to be performed and that to have more specifically delineated the time spent "would have made my work tedious and it would have disrupted my thinking." Zackheim Decl. p. 3.

This district has specifically and consistently cautioned against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices greatly hinder the court's ability to assess the reasonableness of the time expended. *See* U.S. District Court, Message from the Court Regarding Attorney Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (Last Updated March 2, 2017); *see also*, *Noel v. Hall,* 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013); *Foraker v. USAA Cas. Ins. Co.,* No. 3:14-CV-87-SI, 2018 WL 3873575, at *3 (D. Or. Aug. 15, 2018). Courts in this district have excused this method when the billing period is no more than three hours. *See, e.g., Noel, 2013 WL 5376542*; *Sterling Savings Bank,* 2010 WL 3210855 (D. Or. August 11, 2010); *Frevach Land Co. v. Multnomah County Dept. of Envtl. Servs.,* 2001 WL 34039133 (D. Or. Dec. 18, 2001).

After having reviewed Mr. Zackheim's Declaration and time entries, the Court will allow block-billed entries under three hours in this case. The fee request contains nine entries that

exceed the 3-hour threshold. I conclude that the five entries pertaining to legal research and briefing contain sufficient detail for this Court to assess the reasonableness of the time expended and they are, therefore, allowed.

However, the entries pertaining to attorney time summaries are problematic. Not only do four of these entries exceed the three-hour threshold, all of the entries are vague in nature. In addition, the entries all appear in November and December of 2018, after trial had concluded and in apparent preparation for the Motion for Attorney Fees. This suggests that Plaintiff's counsel found it necessary after the fact to create, or at least reconstruct, time entries from over a two-year period. In a case, such as this, where the statutes create meaningful potential for the recovery of attorney fees, the Court expects an attorney to maintain contemporaneous time records that can be efficiently summarized and presented. *See Malbco Holdings, LLC v. AMCO Ins. Co.,* No. CV-08-585-ST, 2010 WL 2572849, at *11 (D. Or. June 22, 2010)("A fee request that is supported by simple affidavits and well-kept records should not be a major task. . . . [Where] much of the time was spent [after the fact] to cure the block billing . . . [Defendant] should not have to pay for that time. . . .")

The attorney time summaries from November and December 2018, total 28.3 hours for a requested fee award of $12,027.50. This time requested will be reduced by fifty percent. The time requested to complete the Motion for Fees and the Bill of Costs will be allowed in full.

**D. Billing to Correct Attorney Errors**

Without specifying which entries are at issue, Defendant objects to over 5 hours of time for the filing of "numerous motions to extend and corrected filings relating to responses to motions, the discovery deadline and the instant Motion." Def. Response at 5. Motion practice, including motions to extend deadlines is integral and reasonably related to pursuing and

presenting an action. This time will be allowed in full.

**E. Clerical/Administrative Time**

Defendant objects to over $6,600 requested for work performed by legal assistants and asks the court to "carefully review time billed by legal assistants." Def. Response at 5. Defendant does not identify the specific individual billing entries which it finds objectionable.

Tasks which are clerical in nature are not properly billed as attorney fees but are overhead expenses that should be absorbed by counsel. *E.g., Precision Seed Cleaners*, 976 F. Supp. 2d at 1251; *Bakewell v. Astrue,* 03:10–cv–01525–JE, 2013 WL 638892, at *3 (D. Or. Jan. 9, 2013) ("costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable") (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Frevach Land Co,* 2001 WL 34039133 at *12 (inappropriate "to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks")). "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Sterling Sav. Bank,* 2010 WL 3210855 at *7; *see also Frevach,* 2001 WL 34039133, at *12 (tasks such as proofreading, indexing, or assembling documents are not compensable because they are overhead and thus already "reflected in the hourly billing rate.").

The Court has carefully reviewed the entries for both Ms. Petroysan and Ms. Claypool and concludes that all of Ms. Claypool's hours are allowed. The Court reduces Ms. Petroysan's time by 14.1 hours for tasks that appear purely clerical or were too vaguely described to make a determination as to whether the task was clerical.

In summary, the Court awards $163,533.75 in attorney fees to Plaintiff as follows:

$159,948.75 for 376.35 hours spent by Plaintiff's attorney at a rate of $425 per hour.

$2730.00 for 27.3 hours spent by Ms. Claypool at a rate of $100 per hour.

$855.00 for 11.4 hours spent by Ms. Petroysan at a rate of $75 per hour.

## II. Costs

Federal Rule of Civil Procedure 54(d)(l) provides that, "costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption for awarding costs to prevailing parties." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944 (9th Cir.2003). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945. When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.*

Defendant has not challenged Plaintiff's submitted Bill of Costs. Upon review, I conclude that Plaintiff is entitled to the requested $1,663.68 in Costs.

## Conclusion

Plaintiff's Amended Motion for Attorney Fees (#84) is GRANTED IN PART with an award of $163,533.75, Plaintiff's Motion for Attorney Fees (#79) is DENIED as moot, and Plaintiff's Request for Costs (#81) is GRANTED in the sum of $1,663.68.

DATED this 4th day of April, 2019.

                                               /s/ John Jelderks
                                             John Jelderks
                                             U.S. Magistrate Judge